UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOHN ROBERT DILLON,

Plaintiff, Case No. 3:25-cv-394

vs.

UNITED STATES OF AMERICA, *et al.*, District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

Defendants.

---

**ORDER: (1) GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS THE UNITED STATES POST OFFICE (Doc. No. 8); (2) DISMISSING THE UNITED STATES POST OFFICE AS A DEFENDANT; AND (3) REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT—CLARIFYING HIS CLAIM(S) AND THE DEFENDANT AGAINST WHOM HE SEEKS RELIEF—BY SEPTEMBER 22, 2026**

---

In this civil case, premised on federal question jurisdiction, Plaintiff John Dillon, through counsel, brings claims against two Defendants—the United States of America and the United States Post Office—under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*.[1] Doc. No. 1. Plaintiff claims he was injured by Joquan D. Thomas, a United States Postal Service employee who was acting within the scope of his employment, in a November 2023 car accident,

[1] Plaintiff's complaint (Doc. No. 1) appears, when initially reviewed, to make two separate claims. The first claim is labeled "Preliminary Allegations" and consists of factual and procedural allegations. *Id.* at PageID 1–2. The second claim is a "Negligence" claim. *Id.* at PageID 2–3. It is unclear whether Plaintiff intends to make both a FTCA claim and state-law negligence claim. In the complaint, Plaintiff alleges, "Pursuant to 28 [U.S.C.] §2679, Plaintiff's exclusive remedy against Joquan D. Thomas for his negligence is to proceed in Federal Court against the United States of America." *Id.* at PageID 1. Given this allegation, along with the fact that Plaintiff did not respond to Defendant's motion to dismiss, which contends that Plaintiff is seeking relief solely under the FTCA, it appears that Plaintiff is not seeking relief other than that available under the FTCA. For the reasons made clear in the body of this opinion, Plaintiff may only seek relief, under the FTCA, against the United States. *See infra*.

which occurred in Kettering, Ohio.[2] *Id.* at PageID 1–3. Now before the Court is Defendant's motion to dismiss the United States Post Office as a party due to lack of subject matter jurisdiction. Doc. No. 8. Plaintiff did not respond, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). The motion to dismiss the Post Office is thus unopposed.

"Under well-established and familiar principles of sovereign immunity, the United States may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the Government." *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The United States Postal Service, an independent establishment of the executive branch, therefore "enjoys federal sovereign immunity absent a waiver." *Johnson v. United States*, 529 F. App'x 474, 476 (6th Cir. 2013) (citing *Dolan v. United States Postal Serv.*, 546 U.S. 481, 483–84 (2006)). The Postal Reorganization Act provides a general waiver of the Postal Service's immunity from suit "by giving it the power to sue and be sued in its official name . . . [and] also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service." *Dolan*, 546 U.S. at 484 (internal marks omitted) (first quoting *United States Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 741 (2004); and then quoting 39 U.S.C. § 409(c)).

"The FTCA, in turn, waives sovereign immunity in two different sections of the United States Code," including, as applicable here, by "confer[ring] federal-court jurisdiction in a defined category of cases involving negligence committed by federal employees in the course of their employment." *Id.* The grant of jurisdiction covers:

> claims <u>*against the United States*</u>, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

---

[2] The complaint references both "the United States Post Office" and "the United States Postal Service." Doc. No. 1 at PageID 1–2. This distinction is immaterial because neither party can be named as a Defendant under the FTCA. *See infra*.

> of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).

The Sixth Circuit has therefore explained that "[t]he FTCA clearly provides that the United States is the **only** proper defendant in a suit alleging negligence by a federal employee." *Algeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (emphasis added) (citing 28 U.S.C. § 2679(a)). Therefore, the "[f]ailure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Id.*

Accordingly, the United States Post Office is not a proper defendant because Plaintiff only seeks relief under the FTCA. *See* Doc. No. 1. The Court, therefore, lacks subject matter jurisdiction over the United States Post Office. For good cause shown, the Court **GRANTS** the instant motion and **DISMISSES** the United States Post Office as a party without prejudice. Moreover, the Court **ORDERS** Plaintiff to file an amended complaint—presumably clarifying that he seeks relief (1) under the FTCA only, and (2) against the United States and no other Defendant—by **September 22, 2026**. Plaintiff is hereby put on notice that failure to file an amended complaint by September 22, 2026 may result in dismissal of this case for failure to prosecute.

**IT IS SO ORDERED.**

September 16, 2026

*/s Michael J. Newman*
Hon. Michael J. Newman
United States District Judge